1
2
3
4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

5

6  SYLVIA STONER,

7                              Plaintiff,

8        v.

9  COMMISSIONER OF SOCIAL SECURITY,

10                             Defendants.

Case No. C19-5067 TLF

ORDER REMANDING FOR A NEW
HEARING

11

12        This matter comes before the Court on plaintiff's motion to amend or alter the

13  judgment under Federal Rule of Civil Procedure 59(e). Dkt. 15. Having carefully

14  considered the arguments, and balance of the record, the Court finds that plaintiff has

15  met its burden of showing a clear error of law as to the Court's decision concerning

16  plaintiff's treatment and consistency with the medical opinion of Dr. Gritzka, M.D. Dkt.

17  13, Order Affirming Defendant's Decision to Deny Benefits, at 10-11.  The Court holds

18  the ALJ erred by rejecting the opinions of plaintiff's treating physician, Dr. Gritzka, when

19  evaluating her RFC.

20                              BACKGROUND

21        The ALJ rejected Dr. Gritzka's opinion for the following reasons: (1)

22  inconsistency with plaintiff's history of conservative pain treatment and improvement

23  through physical therapy; (2) inconsistency with plaintiff's functioning, as shown by her

24  daily activities; (3) internal inconsistency; and (4) lack of objectivity due to plaintiff's

25

reason for examination. Dkt. 8, Administrative Record ("AR"), at 26. In the Order

Affirming Defendant's Decision to Deny Benefits, the Court found the ALJ had provided

a specific and legitimate reason to discount Dr. Gritzka's opinion, due to plaintiff's

conservative treatment regime. Dkt. 13 at 10-11. The Court found that plaintiff's regular

use of over-the-counter pain medication and occasional use of Vicodin constituted

conservative treatment for her musculoskeletal impairments and is inconsistent with Dr.

Gritzka's opinion that plaintiff could not perform sedentary work. *Id.* at 11, citing (*Jesus*

*C. v. Berryhill*, No. ED CV 17-2103-PJW, 2018 WL 5984839, at *2 (C.D. Cal. Nov. 13,

2018) (unpublished) (finding treatment was properly characterized as conservative

where plaintiff was prescribed Oxycodone for two of 27 months during relevant period).

<u>ANALYSIS</u>

The Court may alter or amend a judgment under Rule 59(e) where the Court has

committed clear error. *See Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Rule

59(e) provides an "extraordinary remedy, to be used sparingly in the interests of finality

and conservation of judicial resources." *Id.* (citation and internal quotation marks

omitted).

The Court must consider the administrative record as a whole. *Garrison v.*

*Colvin,* 759 F.3d 995, 1009-10 (9th Cir. 2014). The Court gives great deference to the

opinion of a treating physician because he or she is "employed to cure and has a

greater opportunity to know and observe the patient as an individual." *Morgan v.*

*Comm'r of the Soc. Sec. Admin.,* 169 F.3d 595, 600 (9th Cir. 1999) (internal quotation

omitted). To reject the uncontradicted opinion of either a treating or examining

physician, an ALJ must provide clear and convincing reasons. *Revels v. Berryhill,* 874

1   F.3d 648, 654 (9th Cir. 2017).  The ALJ must support his or her decision to reject the

2   uncontradicted treating physician's opinion with "clear and convincing reasons that are

3   supported by substantial evidence." *Id.* (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d

4   1194, 1198 (9th Cir. 2008) (alteration in original) (internal citation omitted). To do so, the

5   ALJ sets out "a detailed and thorough summary of the facts and conflicting clinical

6   evidence," interprets that evidence, and makes findings. *Revels,* 874 F.3d at 654-55

7   (quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal quotation

8   omitted)).

9        Plaintiff asserts that in upholding the ALJ's reasoning that plaintiff's treatment

10  regime was conservative, this Court made a clear error of law. Dkt. 15 at 2. Plaintiff

11  contends that the Court acknowledged plaintiff's treatment regime included plaintiff's

12  lying down three or four times per day and using an ice pack. *Id.* (citing Dkt. 13, at 10

13  ("In treating her musculoskeletal impairments, Plaintiff lays down…")). Plaintiff asserts

14  that these breaks show that treatment was not conservative. Dkt. 15, at 2. Plaintiff also

15  argues that her use of Vicodin is not conservative treatment. *Id.*

16       Defendant responds that plaintiff's providers had not included such breaks as

17  part of her treatment plan. Defendant asserts that since plaintiff's symptom reports had

18  been properly discounted, the ALJ had properly excluded plaintiff's self-directed

19  symptom management from consideration. Dkt. 16, at 2.

20       The record indicates that plaintiff's providers instructed plaintiff in the use of ice

21  for her lower back pain. AR 563. Although plaintiff's providers had also prescribed

22  Vicodin for pain management, plaintiff was encouraged to continue her regime of over-

23  the-counter pain medication and ice (which plaintiff reported requiring four times daily).

24

25

ORDER REMANDING FOR A NEW HEARING - 3

AR 567. The Court finds that plaintiff's use of ice and rest was therefore not merely her response to alleged symptoms of pain, but a part of plaintiff's provider-approved treatment plan.

The use of ice packs and brief periods of bed rest may be classified as "conservative" treatment. *See, e.g.*, *Julie S. v. Saul*, 2019 U.S. Dist. LEXIS 132145, *10, 2019 WL 3577671 (E.D. Wa. August 6, 2019) (prescriptions of ice, anti-inflammatory medication, physical therapy, and possible injections constituted conservative treatment providing relief to claimant). Yet the frequency and length of plaintiff's rest periods throughout the day indicate that plaintiff's treatment had not provided sufficient relief of her condition. The conservative nature of treatment can serve as a specific, legitimate reason for discounting a medical opinion when it *successfully relieves* symptoms. See 20 C.F.R. § 404.1529(c)(3)(iv) (evaluating the *effectiveness* of medication and treatment and not whether treatment is aggressive or conservative).

Accordingly, this Court's Order Affirming Defendant's Decision to Deny Benefits (Dkt. 13) contains a clear error of law because it failed to show the ALJ had used a specific and legitimate reason to reject the opinion of an examining physician. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).

The Court declined to examine the ALJ's other reasons for rejecting Dr. Gritzka's opinion on the basis of harmless error. Yet since none of the ALJ's reasons are specific and legitimate, the ALJ's error was in fact harmful and requires reversal. The ALJ's second reason to reject Dr. Gritzka's opinion stemmed from a purported inconsistency with plaintiff's functioning – specifically, plaintiff's reported ability to prepare meals, drive twice a week to chiropractor appointments and twice a week for grocery shopping, and

do light household cleaning. AR 22, citing AR 45-47, 68, 74-75. With respect to

plaintiff's ability to prepare meals and do chores, she testified that her husband cooks

their meals and does most household tasks, while she is limited to folding clean laundry

and dusting. AR 68-69, 74-75.

Plaintiff also testified that she could drive for 20-30 minutes at a time before

needing to rest and stretch her back, and that her husband is responsible for the bulk of

the grocery shopping. AR 69. None of these activities are inconsistent with Dr. Gritzka's

opinion that plaintiff could not sit for longer than 30 minutes or stand for longer than 10

minutes at a time. These activities do not conflict with Dr. Gritzka's findings that plaintiff

lacked mobility and strength in her arms and legs, or that plaintiff had limited ability to

handle and finger beyond 1/3 of an 8-hour workday. Plaintiff's activities therefore do not

comprise a specific and legitimate reason to reject Dr. Gritzka's opinion. *See Garrison v.*

*Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014).

The ALJ's third reason, that Dr. Gritzka's opinion was internally inconsistent,

relies on a misreading of Dr. Gritza's findings. The ALJ purports to find inconsistency

between plaintiff's limited range of shoulder motion during examination and plaintiff's

subsequent display of greater mobility. AR 22. Yet Dr. Gritzka's note explains that the

additional mobility was due to plaintiff's "trick" use of a range of motion not tested by the

examination. AR 582, 584 (Dr. Gritzka's examination measured plaintiff's range of

motion using extension, flexion, and abduction, while plaintiff demonstrated that she

could achieve an overhead reach through an unusual application of shoulder adduction,

a movement common to those with painful shoulders). This does not indicate

inconsistency with plaintiff's reduced capacity to move her shoulders appropriately for

light or sedentary work, and this too does not constitute a specific and legitimate reason to reject Dr. Gritzka's opinion.

Finally, the ALJ doubted the objectivity of Dr. Gritzka's position, because "this opinion appears to be based on an evaluation that was done at the request of the claimant for the purposes of her disability application process." AR 22. The ALJ does not refer to any evidence that Dr. Gritzka's report lacked objectivity. A suspicion that plaintiff's motivation to prove disability drove her to receive an evaluation is not a reason to reject the findings of that evaluation. See *Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1995) ("[t]he purpose for which medical reports are obtained does not provide a legitimate basis for rejecting them"). It is error for an ALJ to assign bias to a medical opinion where there is no evidence in the record suggesting that a physician lacks objectivity. *Reddick v. Chater*, 157 F.3d 715, 726-727 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

The ALJ failed to provide a specific or legitimate reason to reject Dr. Gritzka's opinion, and this error is not harmless. Dr. Gritzka opined that plaintiff would need to lie down for a minimum of one hour during the workday. AR 585. Dr. Gritzka also stated that plaintiff could not reach overhead in a work setting and would be able to handle and finger on an occasional basis bilaterally. *Id.* Dr. Gritzka stated that if plaintiff had attempted to perform even sedentary work after her amended onset date, she would have been absent from work three days per month or more due to her impairments. AR 585-86.

If plaintiff were limited to lying down for a minimum of an hour over the course of the workday, avoiding any work above her shoulders, manipulating her wrists and

1  hands on an occasional (1-3 hours) basis, or missing three days of work per month, it

2  follows that the ALJ may include additional limitations in the RFC. *See* AR 19 (The ALJ

3  determined that plaintiff has the RFC to perform sedentary work if the work allows a

4  sit/stand alternative); 20 C.F.R. §§ 404.1567(b), 416.967(b). Accordingly, the ALJ's

5  error with respect to Dr. Gritzka's is not harmless and requires reversal. *Stout v.*

6  *Commissioner*, 454 F.3d 1050, 1055 (9th Cir. 2006) (an error is harmless if it is not

7  prejudicial to the claimant or inconsequential to the ALJ's ultimate nondisability

8  determination).

9  <u>REMAND FOR FURTHER ADMINISTRATIVE PROCEEDINGS</u>

10       Plaintiff argues that this case should be remanded for an award of benefits, or in

11  the alternative, remanded for further administrative proceedings. Dkt. 13 at 2. "The

12  decision whether to remand a case for additional evidence, or simply to award

13  benefits[,] is within the discretion of the court." *Trevizo v. Berry hill*, 871 F.3d 664, 682

14  (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an

15  ALJ makes an error and there is uncertainty and ambiguity in the record, the district

16  court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d

17  1041, 1045 (9th Cir. 2017) (amended January 25, 2018) (quoting *Treichler v. Comm'r of*

18  *Social Sec. Admin.,* 775 F.3d 1090, (9th Cir. 2014). If the district court concludes that

19  additional proceedings can remedy the errors that occurred in the original hearing, the

20  case should be remanded for further consideration. *Revels*, 874 F.3d at 668.

21       The Ninth Circuit has developed a three-step analysis for determining when to

22  remand for a direct award of benefits. Such remand is generally proper only

23       where "(1) the record has been fully developed and further administrative
     proceedings would serve no useful purpose; (2) the ALJ has failed to

24

25

ORDER REMANDING FOR A NEW HEARING - 7

provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."

*Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)).

The Ninth Circuit emphasized in *Leon v. Berryhill* that even when each element is satisfied, the district court still has discretion to remand for further proceedings or for award of benefits. 80 F.3d 1041, 1045 (9th Cir. 2017).

Here, it cannot be said that a remand for additional proceedings would serve no useful purpose. As discussed above, the ALJ failed to provide legally sufficient reasons for discounting Dr. Gritzka's opinions. Issues remain regarding the evidence in the record concerning plaintiff's functional limitations, and therefore serious doubt remains as to whether plaintiff is in fact disabled. Accordingly, remand for further consideration of those issues is warranted. Specifically, on remand the Commissioner shall re-evaluate Dr. Gritzka's opinion and make a *de novo* determination regarding plaintiff's entitlement to benefits. This re-assessment should include obtaining a medical opinion concerning pain management for plaintiff's conditions and obtaining additional vocational testimony relevant to plaintiff's limitations to assess plaintiff's ability to perform other jobs existing in significant numbers in the national economy.

<u>CONCLUSION</u>

Accordingly, the plaintiff's motion to alter or amend judgment (Dkt. 15) is granted. The Court's Order Affirming Defendant's Decision to Deny Benefits dated May 31, 2018

1   (Dkt. 13) is amended to the extent it is inconsistent with this decision and to reflect that

2   the ALJ erred in assigning little weight to Dr. Gritzka's opinion and supplemented with

3   respect to the Court's determination to remand this case for further administrative

4   proceedings. An amended judgment shall be entered for plaintiff and the file shall be

5   closed.

6          Dated this 22nd day of September, 2020.

7

8

9                                         *Theresa L. Fricke*
                                          _____
10                                        Theresa L. Fricke
                                          United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

ORDER REMANDING FOR A NEW HEARING - 9